THE PEOPLE OF THE STATE OF ILLINOIS

v.

JOHN T. RUSHING ET AL.

*Criminal Law—Criminal Code, Sec. 574—Practice.*

1. In view of an execution issued on a judgment acknowledged in conformity with Sec. 574 of the Criminal Code, the judgment debtors can not attack the sufficiency of the information, nor the jurisdiction of the court which entered the judgment for the fine and costs.

2. Such judgment may be entered in vacation as well as in term time.

[Opinion filed September 11, 1891.]

APPEAL from the County Court of Pope County; the Hon. GEORGE A. CROW, Judge, presiding.

Mr. D. G. THOMPSON, for appellants.

Mr. W. S. MORRIS, for appellees.

PHILLIPS, P. J. An information was filed in the County Court of Pope County, against William Litchford, to which he entered a plea of guilty. A judgment and fine having been entered, he was adjudged to stand committed until the fine and costs were paid. He, desiring to replevy the fine and

The People v. Rushing.

costs, with his sureties, John T. Rushing and George E. Shoop, entered appearance and confessed judgment for fine and costs. Execution issued against William Litchford, John T. Rushing and George E. Shoop, which was placed in the hands of the sheriff of Pope County.    On the petition of the sureties, the judge of the County Court ordered a stay of execution, and at the December term, 1889, of that court, a motion was entered to quash the execution and fee bill for the alleged causes that there was no valid information against William Litchford; that the information was not sworn to; that the supposed judgment was not entered at a term of court in and for the county of Pope, and that the court had no jurisdiction to enter the supposed judgment.    This motion to quash the execution and fee bill was allowed by the court and the record is brought to this court by appeal, and error is assigned for allowing the motion to quash the execution and fee bill.    While there is informality in entering the judgment by confession against Litchford, Rushing and Shoop, in the form as entered, yet it appears from the record that their appearance was entered, judgment confessed and defendant discharged.    By Sec. 574 of the Criminal Code, Starr & C. Ill. Stats., if the person convicted will acknowledge a judgment in favor of the People of the State of Illinois, for the amount of the fine and costs, the defendant will be discharged from imprisonment on account of such fine and costs.    That judgment may be entered in term time or in vacation, and on an execution issued on such judgment.    The judgment debtors can not attack the sufficiency of the information, nor the jurisdiction of the court which entered the judgment for the fine and costs.    The judgment on which the execution issued is collateral to that in which the plea of guilty was entered and the fine and costs adjudged.    All the causes stated in the motion were on collateral matters and the court erred in quashing the execution and fee bill for the causes in the motion stated.    The judgment is reversed and the cause remanded.

*Reversed and remanded.*